Good morning, Fred. May I please record Bob Rohde on behalf of KCTS. For the last 16 years, the Hoover Series has been the centerpiece of KCTS's production efforts. KCTS obtained, applied for, and obtained three trademark registrations on the mark Over Blank. So the first of the programs was called Over Washington, and the registration is Over Fill-in-the-Blank with the appropriate title. In 2002 and 2004, Red Bull GMBH filed two petitions trying to cancel those marks. Federal Insurance Company admitted that the second of the two was covered under its policy, and the issue is whether the first of those two petitions falls within the scope of loss of the covered petition. Well, let me just pose us an analysis to you for the sake of getting your response. It seems to me that the claim with respect to the first petition was not made within the first policy period. That's pretty clear, right? That's true. All right. The loss provision in the policy limits Federal's liability. It doesn't expand coverage. The loss provision says that... Or have anything to do with when a claim is made or reported or when a wrongful act occurs. And a loss under that provision, even acknowledging your position, is deemed under the policy to originate in the earliest policy year in which a claim is first reported or made alleging an interrelated act. And so it seems to me that that would be in the first policy period. And that's not correct. Well, why not? I mean, that just seems to me to be... The Court has been misled by Federal, and I'll tell you why. No, I'm not. Look, I'm not misled by anybody. Okay. I'm sorry. And I don't wish to be misled by you. Okay. May I explain? I'm sorry. So what I'm doing is posing an analysis to you that's my analysis of the plain language of the statute in which, unlike your brief, doesn't omit the word first made in connection with the claim. So now let's look at the actual language of the policy and forget being misled. The actual language of the 2003-2004 policy is that it covers interrelated acts, and they are deemed, the loss is deemed to have occurred in the earliest policy year in which any claim is made. First made. First made. It's the 2003-2004 policy. Policy year is the... How can you possibly say that the claim was first made with respect to the first petition in the second policy? The first policy year in which a claim was made is 2003-2004. First made. First made. It occurred the claim was made on January 7th, 2002. The first policy year. Yes. That's when the claim was made. The policy year, the first policy year for the 2003-2004 policy is 2003-2004. I'm sorry? The first policy year for the 2003-2004 policy is 2003-2004. So what? Policy year is defined... So what? That doesn't have anything to do with when the claim was made. The definition is the first policy year. When the claim was first made. Which your brief neglects to say. I believe we did cover it. Is there a definition of policy year? Yes, there is. It's a capitalized term. There is a definition. I'm looking for the definition right now. And I have it. And it appears in the record at ER 35. Loss and such loss shall be deemed to have originated in the earliest policy year. Yes. Continue. In which a claim is first made. Yes, exactly. Policy year under this policy is 2003-2004. When was the claim with respect to the first petition first made? If it weren't made on January 7th. It wasn't made in 2001-2002. It was made on January 7th. Of 2002. That's correct. Yes. But let's look at the definition of policy year, please. Policy year means the period of one year following the inception of this policy and any anniversary thereof. This policy refers to the 2003-2004 class. The earliest policy year defined can only be referring to that year, 2003-2004. It is the period of one year following the inception of this policy. This policy is 2003-2004. I mean, that's sort of – it's there. It's kind of cute, but somewhat illogical. But I have a different question, or a related question. All that aside, where do you get the notion that the – the loss provision, which is, as Judge Reimer suggested, a limitation of liability, has anything to do with when the claim was made? In other words, why does the interrelated losses question do anything but limit liability when there is a valid coverage, but why does it have to do with coverage? Well, it's the scope of loss. I'm sorry? It has to do with the scope of loss. I know, but that isn't – that isn't the trigger. The trigger is a claim, not loss. Well, there's been a trigger. There's been a claim made, and they're interrelated acts. So there have been two claims made. They're related to one another. Okay. But how does the limitation of loss provision tell us anything about imputing a claim made earlier to a later period for coverage purposes as opposed to for loss limitation purposes? Well, the policy covers loss. I know, but the coverage is in terms of claims, not in terms of loss. The coverage definition is based on claims, not on loss. Is that right? Coverage is determined by claims, but I think there's an underlying notion here that where you have multiple policies issuing across multiple years and you have interrelated acts that occur in multiple years, the insurance carrier is not allowed to simply divide them up and say, well, this one's too late. Never mind that it's interrelated to this one. We're going to cut that one off. Well, why not? The policy – the question is, what is the scope of the covered claim? What is the scope of the loss? It says not all loss, but all loss on account of a claim first made during the policy period. That doesn't use policy. It uses policy period. Right? If a claim was first made in 2002, how does the loss provision get it back in, in 2004? Because another claim was made in 2004, and that claim is covered. Right. And that – and the loss provision, which is the only one which talks about interrelated anything, tells us that the two are to be considered as one if otherwise covered for loss purposes, but it doesn't tell us – it's not a coverage determination. Well, there is a covered claim, and the claim is the claim that was made in 2003, 2004.  But how does it make the first one a covered claim? Because the question is the scope of loss under the covered claim. And the scope of loss, which is defined by the policy, says it's loss for all interrelated acts. And it doesn't say interrelated acts occurring after the inception of this policy. It says all interrelated acts. It expressly says that. And if I might go back to the prior question, if you look at the terms of the 2001-2002 policy, the language is different. It actually says the claim is deemed to – or the loss is deemed to have originated in the policy year in which first reported. Now, policy year is the year from the inception of that policy. In that case, 2001-2002. And it wasn't reported then either. And anniversaries thereof. Yes. It wasn't reported. Well, 2003-2004 is an anniversary of the 2001-2002 policy. If a claim – if the same scenario occurred today, would you say that it still picks up the first petition? Yes, I would. Okay. If they're interrelated, because that's what the policy says. All right. The policy defines the scope of loss. Okay. You want to save your remaining time? I'll save the remainder, yes. Thank you. Mr. Wilson. Good morning, Your Honors. May it please the Court, I'm John Wilson. I represent Federal. The question Judge Martinez had and Your Honors have is, does this policy, the 02 policy, or even the 04 policy, cover the 02 petition? The short answer is no. Judge Martinez told you properly it was not a claim for a wrongful act. The insurance provision states, and the questions you have asked indicate this. Well, do you disagree with my analysis? No, I don't. Well, then, do we need to worry about whether it was or wasn't a wrongful act? No, because even if you agreed, and I disagree, with the argument that this is not a wrongful act policy, but an all-acts policy, anything-you-do policy, you still have Gannon v. Seiko and the other cases that say that you must bring the written, the policy is only triggered when a written notice is made in the year in which you received it. There is no dispute that they received written, they received notice, KCTS received notice of the January 7, 02 complaint with six months left under that policy, and they did not comply with that condition of the policy, and therefore, there's no coverage, period. Related back, does interrelated acts relates back? It doesn't relate forward. So the answer to both questions that I heard is a trigger. Well, my understanding of their argument on the loss issue is this. First, that looking at the second policy, not the first, that the earliest possible policy year in which the claim is first made can't be 2002 because this defines policy year as this year or the future, not the past. Weird, but technically correct, I think, as to how policy year is defined. When courts interpret contracts, they don't interpret them according to the weird standard. They interpret them according to the plain meaning standard, and they don't take a single word like that. It does appear to be the plain meaning, but I'm not sure it's just positive. I mean, I don't know if that policy year language is what matters, but it is how policy year is defined. It is defined that way, but it talks about the earliest year of the loss, and there's no dispute that the loss first reported was January 7, 02, the first notice of it, not reported until 19 months later. But the next question to me is, does that matter anyway if the – does the interrelated wrongful acts language have anything to do with when a claim is made? No. Nothing at all to do with it because the trigger for any claim under a claims made policy is the submission to the insurer of a written notice of the claim. That's the trigger before you even attempt to define whether it's a wrongful act or all acts or related back or not. Let me, although you've not inquired, let me suggest, and I don't believe you have to go beyond the level of discussion that we have just exchanged. Note this, the 02 petition is simply not covered. The 02 petition recited in it a claim essentially for, excuse me, descriptive use. The conclusion at the time it was submitted to Federal was descriptive use is not a wrongful act, the 02 descriptive use. The identical claim was made in 04. What KCTS is arguing is that somehow, because in 04 there was indeed a wrongful act alleged, the fraud claim, that somehow that allegation, which we accepted under reservation of rights, transformed the descriptive, the identical descriptive use claim into a wrongful act. And therefore, the 02 was a wrongful act. And Judge Martinez properly rejected that analysis. It was not, descriptive use was not a wrongful act in 02. It wasn't in 04. The fraud claim is, but it doesn't transform. Now, if you wish to understand the meaning of wrongful act, first of all, you have to look at what is the context that that term is used in the policy. And what you see is wrongful act is mentioned for a variety of reasons, including the trigger, throughout the policy. Wrongful act means we submit any error, any misstatement, any misleading statement, act, omission, any neglect or any breach of duty. The all acts interpretation that KCTS is suggesting to you essentially turns, as I understand their argument, on the absence of semicolons in the definition. But if that's the case, the wrongful, the use of the term wrongful throughout the policy and the definition of wrongful acts as errors, misstatements, misleading statements, omissions, neglect, breach of duty is meaningless. We have no reason to do it. It might be a good idea to proofread your policies occasionally. Perhaps. But what the court can do when you interpret policies is you can determine whether or not there's an ambiguity. And the mere fact that someone may suggest an alternative meaning does not, under the law, make the difference. But I have a different question, which is, let's assume you're right about that, but why isn't filing a invalid or a request to trademark something which you have no right to have trademarked a wrongful act? What does wrongful mean? Is it being morally wrong? No, no, no, no. Wrongful act means, as it says here, it means error, misstatement, et cetera. But why is it an error to file something saying that this is trademarkable when it isn't? The answer is in the holdings in the Kitsap and the Cleombole cases. And basically, the courts looked at what — Washington courts looked at what should courts examine in determining whether or not there is coverage. And in Kitsap and Cleombole, the courts concluded that it's the cause of action. It's the theory of the claim. It's not mention of damages. And the theory of claim here is the descriptive use. There's prefatory language that Red Bull is or may be damaged. There's prefatory language — The theory of the claim ultimately is that they got — and they erroneously got a trademark they shouldn't have gotten. Actually, what the petition said was, Your Honor, the petition said that the KCTS was descriptive — it was a descriptive use. Right. And KCTS — excuse me, Red Bull contended that it was the USPTO that erroneously granted that. Well, yes, but they were asked erroneously. They were asked to do something erroneous. I mean, I just don't know whether it's not cutting something too fine to say that if somebody asks a court or an agency to do something and the court or the agency does something, that the person who asked them to do it, something that's wrong, isn't wrong. Well, we submit that the — and this is the point in our brief, that the descriptive use is not the wrongful act. Now, there are bases for — Of course it isn't. No. Of course it isn't. There are bases for — Excuse me. I'm sorry. It's not the descriptive use that's the wrongful act. It's trying to register something that's not registrable. That's the wrongful act. I don't know where that would lead in the process, because there are a variety of ways to cancel a mark, and one of them is descriptive use, which we submit is not a wrongful act. Others are, as indicated in the 04 petition, fraud. If, in fact, it was a mark, a proper mark — You're not cancelling it because of descriptive use. You're cancelling it because descriptive use should not have led to a registered trademark, right? Actually, what you're doing is the USPTO is making a judgment that, when they consider all of the evidence, is this descriptive or is this a properly registered trademark? And they made that judgment at the time. Probably because somebody made an argument to them. Well, or someone presented whatever evidence they did, and Red Bull in their petition said just that. They said what's really happening here is that the use that you approved, the agency approved, is the dictionary term, and it is not a trademark use. I.e., it was wrong to make it a trademark. No. That wasn't in the petition. That's the point. That wasn't in the petition. It was wrong in an erroneous sense, not wrong in a you're a bad person sense. Well, but you don't have to prove a wrong like you do to cancel a legitimately registered mark for fraud if it's just – if it's simply descriptive, it shouldn't be, and there's nothing – you don't have to prove malice or moral wrong or anything about that. You just have to bring it to their attention. Thank you, Mr. Wilson. You're welcome. Thank you. Mr. Rody. To revisit the issue of loss briefly, and I think we need to distinguish between acts and claims. There's only one claim for which KCTS is seeking recovery. That was the one brought in 2003-2004. Under the terms of the policy, all loss arising out of the same wrongful act and all interrelated wrongful acts shall be deemed one loss under the policy. So if you express terms of their policy, you can't differentiate between loss related to an earlier interrelated act and a later interrelated act. It's one loss. And it says such loss shall be deemed to have originated in the earliest policy year. Again, policy year is defined. It means the inception of that policy and anniversaries thereof. The inception of the 2003 policy was 2003. On the issue of acts, I think the Court has it exactly right. You have to construe the complaint liberally to see if there's coverage. But that does wind up in an absurdity, because it means that the later people, that even though the claims, each of these were claims-made policies, you cannot make a claim and you can wait ten years, and as long as there's a loss in the tenth year, you can go all the way back to the beginning. That's the literal language of the policy. And in the claims-made policy, it is the case that if the claim isn't made within the policy period, it is cut off. But the same policy, virtually identical policy, was issued year after year, and in the terms of that policy, if they're interrelated acts covering a period of time in which the policy is essentially still in effect because it's been renewed, that's absolutely right. You can recover for that. And I think that does make sense. You're to construe an insurance policy in favor of coverage. Those are the literal terms of the policy, and I don't think there's something wrong with that. I don't think you should be able to use policy periods to cut off coverage from insured because they relate where there are related acts and related claims made in subsequent periods, and those, in fact, do trigger coverage. Thank you. Thank you, Mr. Early. Counsel, the matter just argued will be submitted.
judges: Alarcon, Rymer, Berzon